**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Talbot,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America; Internal Revenue Service; and Alex Medley, IRS Special Agent,<br><br>    Respondents. | No. MC-11-00037-PHX-NVW<br><br>**ORDER** |

Before the Court is Petitioner Robert Talbot's Petition to Quash IRS Third Party Summons (Doc. 1) and Respondent United States' Motion to Dismiss or Summarily Deny Petition to Quash (Doc. 3).

**I.     Background**

This action arises from an investigation into Petitioner Robert Talbot's tax liabilities for the 2007, 2008, and 2009 tax years. Internal Revenue Service Special Agent Alex Medley was assigned to conduct an examination of Petitioner's federal income tax liabilities between 2007 and 2009 because Petitioner did not file income tax returns for these years. Pursuant to the investigation, Special Agent Medley mailed a letter to Petitioner on October 27, 2010, inquiring about the non-filed income tax returns. With this communication, Special Agent Medley included Publication 1 ("Your Rights as a Taxpayer"), which informs

tax payers that the IRS may contact third parties in relation to the investigation, and Notice 609 (Privacy Act Notice). Special Agent Medley sent Petitioner another letter asking for information about Petitioner's non-filed tax returns from 2007 to 2009 and again enclosing Publication 1 and Notice 609 on February 16, 2011. Special Agent Medley did not receive any response from Petitioner to these communications.

On March 8, 2011, Special Agent Medley served an IRS administrative summons on Wells Fargo Bank, directing Wells Fargo to give testimony and produce data, records and other information concerning any accounts in which Petitioner had an interest. On that same day, Special Agent Medley sent Petitioner a notice of the issuance of the summons of Wells Fargo, a copy of the summons, and a notice explaining Petitioner's right to bring a proceeding to quash the summons. Petitioner filed his Petition to Quash IRS Third Party Summons on March 23, 2011 (Doc. 1) and sent copies of his petition, via certified mail, to Special Agent Medley, the United States Attorney General, the United States Attorney for Arizona, and Wells Fargo (Doc. 1). The Certificate of Service attached to Petitioner's petition indicates that Petitioner did not believe a judicial summons was also required to be sent. On May 11, 2011, the United States filed a Motion to Dismiss or Summarily Deny Petition to Quash (Doc. 3).

**II. Analysis**

In his Petition, Petitioner argues that the summons of Wells Fargo should be quashed because (1) the IRS did not provide Petitioner with advance notice that contact with Wells Fargo would be made or with a record of persons contacted by the IRS regarding the investigation into Petitioner's tax liabilities; (2) the summons violates 26 U.S.C. § 7602(d)(2)(A) because there is a pending Department of Justice referral for criminal prosecution; (3) the IRS abused the summons process and failed to satisfy the standard of good faith set out in *United States v. Powell*, 379 U.S. 48 (1964); and (4) the summons violates federal and state privacy laws. The United States asserts that Petitioner's petition should be dismissed under Fed. R. Civ. P. 12(b)(5) because the petition was not properly served. Alternatively, it argues the petition should be summarily denied because the United

States has made a prima facie case under *Powell* that the summons was issued in good faith.

**A.  Dismissal for Improper Service**

Petitioner attached to his petition a copy of IRS Form 2039, which informs parties of their right to bring a petition to quash a third party summons and instructions on how to file such a petition (Doc. 1). The form includes the admonition that the "petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4." (Doc. 1.) Under Fed. R. Civ. P. 4(i)(1), a party bringing an action against the United States must "deliver a copy of the summons and of the complaint" to the United States Attorney for the district where the action is brought and the United States Attorney General. While Petitioner did mail a copy of his petition to the relevant parties, he did not obtain or mail a copy of the summons. Accordingly, the United States was not properly served. However, because this defect could permissibly be cured, Fed. R. Civ. P. 4(m), the Court will not dismiss the petition on these grounds.

**B.  Authority to Issue Summons**

The IRS is broadly empowered to issue summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C.§ 7602(a). When the subject party of an investigation objects to the issuance of a third party summons under 26 U.S.C.§ 7602(a), he may file a petition to quash the summons. 26 U.S.C.§ 7609. Petitioner argues the Wells Fargo summons should be quashed because (1) the United States has not shown that it acted in good faith under *Powell*; and (2) the summons issued in violation of 26 U.S.C.§ 7602(d)(2)(A).

**1.  *Powell* Standard**

When a party challenges the validity of a summons issued by the IRS, the United States is required to establish a prima facie case that it acted in good faith by showing the summons: (1) was issued for a legitimate purpose; (2) seeks information relevant to that legitimate purpose; (3) seeks information that is not already in the IRS's possession; and (4) all of the administrative steps required by the Internal Revenue Code were followed. *Powell*,

379 U.S. at 57-58. "The government's burden [to show the *Powell* factors are met] is a slight one, and may be satisfied by a declaration from the investigating agent . . . ." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993). Once the United States meets this "slight" burden, the taxpayer has the "heavy" burden of showing "an abuse of process . . . or the lack of institutional good faith." *Id.*

Here, the United States has supplied the sworn declaration of Special Agent Medley showing the *Powell* factors have been satisfied (Doc. 3-2). Special Agent Medley attests that he issued the third-party summons in furtherance of his investigation into Petitioner's tax liability between 2007 and 2009 (Doc. 3-2, ¶ 7) and that the information sought from Wells Fargo is relevant because it may shed light upon Petitioner's income, which assists in the determination of Petitioner's correct income tax liabilities (Doc. 3-2, ¶ 9). Special Agent Medley additionally swears that the information sought by the Wells Fargo summons is not already in the possession of the IRS (Doc. 3-2, ¶ 8). Finally, Special Agent Medley's declaration shows that he satisfied all of the administrative procedures required by the Internal Revenue Code, including sending Petitioner the notices required by 26 U.S.C. § 7609(a) (Doc. 3-2, ¶¶ 4, 6, 7, 10).

Because the United States has made the required prima facie showing under *Powell*, the burden shifts to Petitioner to show an abuse of process or lack of institutional good faith. *Dynavac*, 6 F.3d at 1414. However, Petitioner's response does not contain sufficient facts to meet its "heavy burden" of showing the IRS acted in bad faith or issued the summons as an abuse of process. Petitioner's sole factual allegation in support of his bad faith claim is that the IRS issued a summons of Wells Fargo targeting Petitioner's wife on November 29, 2010; the summons, which was identical to the currently pending summons, was subsequently withdrawn and later reissued (Doc. 5). Although Petitioner argues that issuing the summons again several months after it was withdrawn is done to harass Petitioner, he has not provided any evidence to support that allegation. Accordingly, Petitioner's petition to quash will not be granted on these grounds.

1      **2.     Violation of 26 U.S.C. § 7602(d)(2)(A)**

Under 26 U.S.C. § 7602(d)(2)(A), "[n]o summons may be issued under this title . . . with respect to any person if a Justice Department referral is in effect with respect to such person." Although Petitioner alleges that there is a Justice Department referral in effect that would bar the Wells Fargo summons, Special Agent Medley's declaration show there is no such referral (Doc. 3-2, ¶ 15). Accordingly, violation of 26 U.S.C. § 7602(d)(2)(A) is not grounds to grant the petition to quash.

**D.     Violation of Privacy Laws**

Petitioner vaguely asserts that the Wells Fargo summons violates federal and state privacy laws. However, Petitioner has not identified any specific statutory or constitutional laws which are purportedly violated by issuance of the summons. Without a more specific allegation, the United States has not been put on notice of its alleged wrongdoing; nor can the Court say that the summons issued in violation of any unenumerated privacy laws. *See, Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

IT IS THEREFORE ORDERED that Petitioner's Petition to Quash IRS Third Party Summons (Doc. 1) is denied.

IT IS FURTHER ORDERED that Respondent United States' Motion to Dismiss or Summarily Deny Petition to Quash (Doc. 3) is granted. The Clerk shall terminate the case.

DATED this 15th day of July, 2011.

```
                            _____
                                   Neil V. Wake
                            United States District Judge
```